IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. MILLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 05-0606-CV-W-HFS |
| AMR CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the court is plaintiff's motion for an order for resolution of the issues (doc. 4); defendant's motion to dismiss the case (doc. 6); and plaintiff's motion for default judgment (doc. 8). Plaintiff commenced this action with the filing of a complaint under Title VII; however, in the ensuing language, plaintiff makes clear that he disputed the garnishment proceeding and subsequent withholding of his salary.[1] Further evidence of plaintiff's intent is illustrated in an amended complaint in which plaintiff alleged that the compensation taken by defendant and given to a third party (presumably I.R.S.), violated the TWU Labor Agreement, as well as the False Claims Act.

In considering a motion to dismiss the court must assume that all the facts alleged in the complaint are true, and the complaint must be liberally construed in the light most favorable to the plaintiff. Holden Farms, Inc. V. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). As such, a Rule 12(b)(6) motion should not be granted unless it appears beyond a doubt that the plaintiff can prove

---

[1] Attached to his complaint, is a letter in which plaintiff prays for the court's protection from defendant, and to enjoin defendant from complying with the levy. (Exh. A). Plaintiff has also attached a copy of the Notice of Levy on Wages, Salary and Other Income advising plaintiff that the Internal Revenue Service ("I.R.S.") has directed defendant to withhold plaintiff's wages to satisfy a federal tax levy in the amount of $117,753.83. (Exh. B).

no set of facts which would entitle the plaintiff to relief. Holden Farms, Inc., at 1059. For the following reasons, however, defendant's motion will be granted.

Plaintiff initially contends that defendant's participation in the garnishment proceeding violated the TWU Labor Agreement. To the extent that such a circumstance is covered by the Agreement, it would appear to fall within the scope of federal pre-emption under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq. Hawaiian Airlines, Inc. V. Norris, 512 U.S. 246, 248 (1994).[2]

Plaintiff next claims that defendant's conduct also violated the False Claims Act.[3] In any event, the False Claims Act imposes liability on "[a]ny person who knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval." U.S. ex rel. Costner v. U.S., 317 F.3d 883, 886 (8th Cir. 2003); quoting, 31 U.S.C. § 3729(a). A liberal reading of the complaints filed at bar fail to show that defendant presented a false claim to the United States Government. Rather, the circumstances clearly demonstrate that exactly the reverse occurred, the United States Government, acting through its agency the I.R.S., presented a claim to defendant for garnishment of plaintiff's wages.

Contrary to plaintiff's contentions, pursuant to 26 U.S.C. § 6331, the Secretary is authorized to collect any tax which a person neglects or refuses to pay, and collection may be made by levy

---

[2]Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes. Hawaiian Airlines, Inc., 512 U.S. at 252. Thus, the RLA establishes a mandatory arbitral mechanism for "the prompt and orderly settlement" of disputes involving rates of pay, rules, or working conditions. Id.; see also, 45 U.S.C. § 153 First (i).

[3]The False Claims Act allows for qui tam actions, in which a private party, known as a relator, brings an action on behalf of the United States alleging fraudulent claims were submitted to the government. U.S. ex rel. Kinney v. Stolz, 327 F.3d 671, 672 n.1 (8th Cir. 2003); see also, 31 U.S.C. § 3730(b)(4).

2

upon all property and rights to property belonging to such person. It therefore follows that "[a]ny person who fails or refuses to surrender any property ... upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property...." <u>Evert v.</u>, 1997 WL 834822, * 4 n.2 (E.D.Mo. 1997); <u>see</u> <u>also</u>, 26 U.S.C. § 6332(d).

Moreover, a complaint alleging violations of the False Claims Act must be pled with particularity pursuant to Rule 9(b). <u>U.S. ex rel. Costner</u>, at 888. This particularity requirement demands a higher degree of notice than that required for other claims. <u>Id</u>. The claim must identify who, what, where, when, and how. <u>Id</u>. Here, the lack of specificity in plaintiff's pleadings is yet another demonstrated frailty.

In sum, and based upon a liberal construction of the allegations asserted, it appears beyond a doubt that there are no set of facts entitling plaintiff to relief, and this case, therefore, must be dismissed.

Accordingly, it is hereby

ORDERED that plaintiff's motion for an order of resolution of the issues (ECF doc. 4) is DENIED. It is further

3

ORDERED that defendant's motion to dismiss (ECF doc. 6) is GRANTED.[4] It is further

ORDERED that plaintiff's motion for default judgment (ECF doc. 8) is DENIED as moot.

/a/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November 10, 2005

Kansas City, Missouri

---

[4] However, although one might argue that plaintiff's assertions are somewhat misguided, it cannot be said that his intentions were primarily for purposes of harassment. Thus, defendant's request for sanctions and attorneys' fees will be denied.